[No. 20993. Department One. February 27, 1928.]

JOHN E. JOHNSON, *Appellant*, v. ALBERT F. CHITTENDEN
*Respondent.*[1]

[1] EJECTMENT (1, 24) — NATURE OF ACTION — COMPLAINT — DISTINGUISHED FROM FORCIBLE ENTRY. An action was one of ejectment and not of forcible entry and detainer, where a twenty-day summons was issued upon a complaint alleging plaintiff's title, wrongful dispossession, damages and loss of rental value, no writ of restitution being prayed for or issued.

[2] EJECTMENT (37)—EVIDENCE—ADMISSIBILITY—TITLE AND RIGHT TO POSSESSION. Upon an issue in ejectment as to the location of boundary lines, a judgment in a former case, enjoining trespass upon the lot in question, is admissible, although the judgment did not fix the boundary lines, where it had some bearing upon the defendant's right to part of the lot.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 1, 1927, upon the verdict of a jury in favor of the defendant, in ejectment. Affirmed.

*C. J. Smith,* for appellant.
*Earl C. Demoss,* for respondent.

PARKER, J.—The plaintiff Johnson commenced and prosecuted this action in the superior court for King county seeking recovery from the defendant Chittenden of a small tract of land measuring ten and one-half feet north and south along the west line of Twelfth avenue northeast and extending back forty-five feet east in block 10 of James' Division of Green Lake Addition to Seattle. Trial upon the merits in that court sitting with a jury resulted in verdict and judgment denying to plaintiff the relief prayed for, from which he has appealed to this court.

[1]Reported in 264 Pac. 425.

[1] In order to properly dispose of the contentions here made in behalf of appellant, we conceive it to be necessary that we first determine the nature of the action; that is, as to whether it is the ordinary civil action or the special statutory action of forcible detainer. The action was commenced in June, 1924, by the service of a twenty-day summons as required in ordinary civil actions, accompanied by a complaint; appellant alleging title to the land in himself by virtue of deeds of conveyance and also by virtue of his adverse possession; alleging his wrongful dispossession during his absence by respondent; alleging damages by respondent's removal of trees and shrubbery from the land, and for loss of rental value; alleging demand made upon respondent for possession of the land; and praying recovery of the land and damages as alleged. No writ of restitution was asked for or awarded upon that complaint under the forcible detainer statute. Respondent answered that complaint denying title in appellant; denying that he unlawfully dispossessed appellant or removed any trees or shrubbery to appellant's damage; alleging ownership of the land and right of possession thereof in himself; and praying that he be awarded the land.

Following some preliminary controversies incident to the bringing of the case to trial upon the merits, appellant, in July, 1925, served and filed his amended complaint, in substance the same as his original complaint, except that he therein claimed recovery of land somewhat less in area than in his original complaint, claiming in his amended complaint land ten and one-half feet by forty-five feet in area as above noticed.

Appellant, upon filing his amended complaint, sought and caused to be isued, evidently *ex parte,* a writ of restitution for the land; this evidently upon the theory that the action was one of forcible detainer. This, it

will be noticed, was over a year after the commence-
ment of the action. This seems to have then resulted
in appellant, for the time being, ceasing to exercise
physical dominion over the land. Indeed, it seems
inferable from the record as a whole that, from that
time on, neither appellant nor respondent actually ex-
ercised physical dominion over the land, both appar-
ently awaiting the outcome of the final disposition of
the case. Respondent answered the amended com-
plaint in substance as he had answered the original
complaint, and prayed to be awarded the land. Upon
the issues so made, the case proceeded to trial upon
the merits.

The trial court, as evidenced by its rulings during the
trial, manifestly treated the case as an ordinary civil
action for the recovery of real property and damages
for waste and detention; counsel for respondent so in-
sisting and counsel for appellant insisting that it was
the special statutory action of forcible detainer, he
seeking to restrict the proof, accordingly, to the ques-
tions of appellant's peaceable possession and his being
wrongfully dispossessed by respondent. We are of
the opinion that appellant's original complaint, con-
taining allegations in substance as above noticed,
served with the twenty-day summons, as required in
ordinary civil actions, constituted the commencement
of an ordinary civil action for the recovery of real
property, and not the special statutory action of forci-
ble detainer.

Twelfth avenue northeast runs north and south.
Sixty-fifth street and Sixty-sixth street, one block
farther north, cross the avenue at right angles. Block
ten in question fronts south two hundred and ten feet
on Sixty-fifth street, north two hundred and ten feet
on Sixty-sixth street and west two hundred and four
feet on Twelfth avenue northeast. Appellant is the

owner of land fronting fifty-one feet west on Twelfth avenue northeast and running back to the east one hundred and fifty feet, the south line thereof being the east and west center line of the block. Respondent is the owner of the west forty-five feet of the south half of the block, the north line of his land being the east and west center line of the block and the south line of appellant's land.

The real controversy here, aside from the question of appellant's adverse possession, is over the question of where upon the ground is the common boundary of the two tracts; appellant claiming it to be ten and one-half feet farther south than it is claimed to be by respondent. There is no room for serious controversy, as we view this record, over the width of the block north and south being other than two hundred and four feet, but the controversy is as to where the north and south boundaries of the block are upon the ground, and therefore the controversy as to where the east and west center line, the common boundary, is upon the ground. As to appellant's claim of title by adverse possession, it is that he has been in such possession as has ripened into title, up to the line upon the ground as claimed by him, though that line be found to be ten and one-half feet south of the east and west center line of the block.

The contention seemingly most strenuously made in behalf of appellant is that the evidence does not support the verdict and judgment. We have painstakingly read all of the evidence, as abstracted by counsel for appellant, and deem it sufficient to say that we are convinced that, touching both the questions of title by deed and by adverse possession, it amply supports the verdict and judgment. Plainly, we think the evidence was not such as to compel a different disposition of the case upon the merits.

[2] In February, 1921, a controversy arose between F. C. Morris, respondent's grantor, and appellant over the location of the common boundary between their respective tracts. Morris then commenced an action in the superior court for King county seeking an injunction against appellant restraining him from trespassing upon his [Morris'] tract. Jurisdiction was obtained in that action over appellant by personal service, and the case proceeded to final determination, resulting in a judgment awarding an injunction against appellant restraining him

" . . . from erecting a fence on the west forty-five feet of the south half of block ten, James Division of Green Lake Addition to Seattle, and from in any manner interfering with plaintiff's erecting a fence thereon, and defendant is further enjoined and restrained from in any manner interfering with plaintiff's possession, use and enjoyment of said property and every part and parcel thereof."

That adjudication did not determine the location of block ten, that is, the northerly or southerly boundaries or the east and west center line thereof upon the ground. It is here contended by counsel for appellant that the ruling of the trial court permitting the introduction of the record of that injunction judgment was error to his prejudice. We do not think it was such reversible error. It is true, that judgment did not determine the location upon the ground of the common boundary between the tracts of the respective parties, but it seems to us at all events, that its going before the jury in this case was not prejudicial to the rights of appellant. It in any event has some bearing upon the question of respondent's right to the west forty-five feet of the south half of block ten. We conclude that the court did not err in admitting the injunction judgment in evidence.

Several other claims of error are made touching the trial rulings of the court. Were we convinced that this case should have proceeded to trial as a special statutory action of forcible detainer, there would be some ground for seriously considering some of these claims of error. We have examined all of these as best we could in this somewhat involved record, and deem it sufficient to say that we are unable to see any prejudicial error in these rulings of the trial court, in view of our holding that this is an ordinary civil action and not one of forcible detainer.

The judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, TOLMAN, and FRENCH, JJ., concur.