ALEX GUSTIN *et al., Respondents,* v. GUS A. KLINGEN-
BERG *et al., Appellants.*[1]

*F. L. Stotler,* for appellants.

*W. L. LaFollette (H. J. Welty,* of counsel), for re-
spondents.

MILLARD, J.—Plaintiffs, as owners, brought this ac-
tion to recover possession of land defendant lessees re-
fused to vacate after the expiration of the term for
which it was let to them, and to recover for damages
sustained because of defendants' unlawful detainer of
the property.   The action was commenced by the

[1]Reported in 70 P. (2d) 308.

service of a twenty-day summons as required in ordinary civil actions, accompanied by a complaint. The summons reads as follows:

"In the Superior Court of the State of Washington for Whitman County

|  |  |
|---|---|
| Alex Gustin and Ella Gustin, husband and wife,<br><br>               Plaintiffs<br>vs<br>Gus A. Klingenberg and Mary Klingenberg<br><br>              Defendants | No. 19445<br><br>Summons |

The State of Washington,

To the said Gus A. Klingenberg and Jane Doe Klingenberg, Defendants—

You are hereby summoned to appear within twenty days after service of this summons upon you, exclusive of the day of service, if served within the State of Washington; or within sixty days after service upon you, exclusive of the day of service, if served out of the State of Washington, and answer the complaint and serve a copy of your answer upon the undersigned at the place below specified, and defend the above entitled action in the court aforesaid, and in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint, which (has been) (will be) filed with the clerk of said court, a copy of which is herewith served upon you.

Filed in the office of Clerk of   W. L. LaFollette
Superior Court               Attorney for Plaintiffs
Nov. 21, 1936                 P. O. Address, Colfax
A. G. Marion, Clerk         Whitman County,
By Florence Hansen, Deputy   Washington"

The allegations of the complaint, which was verified October 28, 1936, and filed November 21, 1936, are, briefly, as follows:

Title to the land in question is in the plaintiffs. Defendants, lessees of that land, refuse to deliver possession of the property to the plaintiffs, although the term

of the lease expired October 1, 1936, and demand has been made upon defendants for possession. The prayer of the complaint is for recovery of possession of the land and recovery from the defendants of one thousand dollars for damages sustained by reason of their unlawful detainer of the land. Plaintiffs did not ask for a writ of restitution, nor was such writ issued at the time of the commencement of this action.

November 21, 1936, the court entered an order of default against the defendants, reciting that each of the defendants was duly and regularly served, personally, with summons and complaint in this state more than twenty days prior to the date of entry of the order of default. On the same date, after hearing testimony, the trial court made and filed its findings of fact from which it concluded that plaintiffs were entitled to the possession of the land in question, that plaintiffs should be awarded recovery of $250 against defendants for unlawful detainer of the land, and that a writ of restitution should issue, directing the sheriff of Whitman county to restore the premises to the plaintiffs. Judgment in consonance with the foregoing was entered November 21, 1936.

Pursuant thereto, "writ of restitution" issued and was served on defendants November 21, 1936. The defendants appeared specially December 18, 1936, and moved the court to quash the summons and writ and to vacate the judgment, on the ground that the court was without jurisdiction, as the summons served upon the defendants did not conform to the requirements of the statute relating to the character of summons in actions of unlawful detainer. The motion was denied. Defendants appealed.

Citing *Big Bend Land Co. v. Huston,* 98 Wash. 640, 168 Pac. 470, as sustaining authority, counsel for ap-

pellants contends that the trial court was without jurisdiction to enter any judgment against the appellants, as the summons served upon the appellants does not conform to the requirements of the statute (Rem. Rev. Stat., §§ 817, 818 [P. C. §§ 7975, 7976]) relating to the character of summons in actions of unlawful detainer.

Counsel for respondents counter that this is an ordinary civil action for the recovery of real property, and that the purported writ of restitution is simply an execution issued after the judgment.

■ This is an ordinary civil action for the recovery of real property, and not the special statutory action of unlawful detainer. A twenty day summons was issued upon a complaint alleging respondents' title, wrongful retention or possession of the property after expiration of appellants' lease, and damages because of such unlawful detainer. Respondents prayed recovery of the land and damages as alleged. Respondents did not ask for a writ of restitution, and the purported writ of restitution issued after judgment is a writ of execution.

■ The judgment obtained by the respondents against the appellants required the payment of money and the delivery of real property. A judgment of that character may be enforced by execution. Rem. Rev. Stat., § 512 [P. C. § 7826-1]. The writ shall be issued in the name of the state, sealed with the seal of the court, and subscribed by the clerk, and shall be directed to the sheriff of the county in which the property is situated, and shall intelligibly refer to the judgment, stating the court, the county where the judgment was rendered, the names of the parties, and the nature of the judgment. Where, as in the case at bar, the execution is for the delivery of real property, it

shall require the officer to deliver possession of the real property,

" . . . particularly describing it, to the party entitled thereto, and may, at the same time, require the officer to satisfy any charges, damages, or rents and profits recovered by the same judgment, out of the personal property of the party against whom it was rendered, . . .," Rem. Rev. Stat., § 513 [P. C. § 7826-4].

Despite the name given to it, the "writ of restitution" issued after the judgment is a writ of execution. That writ, which reads as follows, conforms to the requirements of Rem. Rev. Stat., § 513:

"STATE OF WASHINGTON, to the Sheriff of Whitman County, Washington, GREETING: Whereas,

"A. H. GUSTIN and ELLA GUSTIN, husband and wife, on the 21st day of November, 1936, obtained a judgment in the Superior Court of Whitman County, State of Washington, against Gus A. Klingenberg and Mary Klingenberg, husband and wife, that the said plaintiffs have restitution on the following described premises situated in Whitman County, State of Washington, to-wit:

"All of Lots One (1) and Two (2) and the South one-half of the Southeast Quarter of Section Four (4) in township 20 north, range 42, E. W. M.

"And that the said plaintiffs recover from the said defendants the sum of $250 damages for the detention of said premises:—

"THEREFORE, you are commanded to proceed forthwith and cause the said Gus A. Klingenberg and Mary Klingenberg, husband and wife, defendants in the above said cause, to be forthwith removed from the said premises, and that you deliver the peaceable possession thereof to the said A. H. Gustin and Ella Gustin, husband and wife, and that you cause to be levied on the property of the defendants the damages aforesaid, together with the sum of $18.00 costs and $——— for this writ and your fees hereon; and that you return this writ with your doings thereon to the clerk of this court.

"WITNESS the Honorable R. L. McCroskey, the judge of the said Superior Court and the seal of said court affixed the 21st day of November, 1936.

SEAL

Filed in the Office of Clerk of
Superior Court            A. G. Marion
Nov. 28, 1936            Clerk of said Court
A. G. Marion            By Florence Hansen,
        A. G. Marion, Clerk            Deputy."

This opinion is in harmony with *Johnson v. Chittenden,* 146 Wash. 645, 264 Pac. 425, in which we held that an action commenced by service of a twenty day summons upon a complaint alleging plaintiff's title, wrongful dispossession, damages and loss of rental value, no writ of restitution being prayed for or issued, was an action to recover real property and not a forcible detainer action. *Big Bend Land Co. v. Huston,* 98 Wash. 640, 168 Pac. 470, is distinguishable on the facts from the case at bar.

The judgment is affirmed.

STEINERT, C. J., BLAKE, GERAGHTY, and MAIN, JJ., concur.