[No. 27631. Department One. February 15, 1940.]

GUS A. KLINGENBERG, *Appellant*, v. ALEX GUSTIN *et al.*, *Respondents.*[1]

[1]Reported in 99 P. (2d) 399.

618

*Geo. W. Young* and *F. L. Stotler,* for appellant.

*W. L. LaFollette* and *H. J. Welty,* for respondents.

SIMPSON, J.—Plaintiff instituted this action to recover the reasonable value of summer-fallowing and seeding farm land in Whitman county.

In his complaint, plaintiff included the following allegations: That, October 17, 1917, he leased from R. S. Van Pelt and wife certain farm lands for a period ending September 30, 1919; that he held over under the terms of the original lease (a copy of which was made a part of the complaint), and continued to farm the land until some time subsequent to September 20, 1936; and that, during the year 1936, he summer-fallowed sixty-eight acres of the farm land and sowed it to wheat. He further alleged that defendants purchased the lands from his landlords, the Van Pelts, July 22, 1936; that defendants did not notify plaintiff that their intention was to demand possession of the property and terminate his tenancy under the lease

until September 20, 1936; and that defendants had refused to pay plaintiff for the value of summer-fallowing and seeding the particular sixty-eight acres or submit the controversy to a board of arbitrators as was provided for under the terms of the lease.

The answer admits the making of the lease and possession of the premises by plaintiff during the time mentioned in the complaint, but denies that defendants became in any way obligated under the provisions of the lease. As an affirmative defense, defendants alleged that, October 28, 1936, they brought an action against Gus A. Klingenberg, the plaintiff in this action, and Mary, his wife, to recover the possession of the land in question and damages for its retention; that, thereafter, defendants in that case defaulted; that an order of default was entered, evidence taken, and judgment entered to the effect that plaintiffs (defendants here) have possession of the real property and recover damages from Klingenberg and wife in the sum of two hundred fifty dollars for the unlawful retention of the premises. It was further alleged in the answer that the matters and facts alleged by the plaintiff in the present action could and should have been litigated in the former action.

The reply put in issue the affirmative allegations contained in the answer.

The case was tried to a jury, and a verdict returned in favor of plaintiff in the amount of five hundred ten dollars. Counsel for defendants presented motions for a new trial and for judgment notwithstanding the verdict. The court denied the motion for a new trial and granted the motion for judgment n. o. v.

Plaintiff appeals and assigns as error refusal of the trial court to enter judgment on the verdict and in granting motion for judgment n. o. v.

The salient facts may be stated as follows: October 17, 1917, R. S. Van Pelt and wife leased their farm to appellant on a crop-sharing plan. Although the lease provided that his term expire September 30, 1919, appellant held over with the consent of his landlords under the terms of the original lease, and continued to farm the land after it was purchased by respondents July 11, 1936. Respondents received a warranty deed in the ordinary form.

During the months of May and June, 1936, appellant plowed and cultivated sixty-eight acres of the farm land. After the sale to respondents, appellant delivered to them the landlord's share of the 1936 crop in compliance with the terms of the lease, and seeded the sixty-eight acres to wheat.

September 12, 1936, after at least two-thirds of the seeding had been completed, appellant received notice from respondents to surrender possession of the farm. Appellant did not comply with this demand. Thereafter, October 28, 1936, respondents instituted an action in the superior court of Whitman county, known as case No. 19445, to recover possession of the real property, and damages for its wrongful detention by appellant in the sum of one thousand dollars.

It is this case to which respondents refer in their affirmative defense. As therein alleged, judgment for respondents went by default, they being awarded possession of the farm and a personal judgment against appellant in the sum of two hundred fifty dollars. Pursuant thereto, a writ of restitution was issued to place respondents in possession. An appeal to this court followed appellant's unsuccessful attempt to set aside the default, and the judgment was affirmed in *Gustin v. Klingenberg*, 190 Wash. 590, 70 P. (2d) 308. The pleadings and judgment in superior court case No.

19445 were introduced in evidence but withheld from the jury.

Appellant rests his cause of action squarely upon the following clause in the original lease from the Van Pelts:

"It being understood that this land is being offered for sale, it is agreed that if a sale of the land is made, and the purchaser demand immediate possession, this lease may be declared void and of no effect by said first parties of said purchaser by giving three days' notice of such sale, and by paying said second party a reasonable price for all labor expended in preparing any ground not in crop, and on further payment of the value of any crops which may be growing or immatured. If the parties hereto cannot agree as to such value it shall be left to three arbitrators, whose decision shall be final, one to be chosen by said parties of the first part and one by said party of the second part, they to *chose* the third."

At the threshold of the case, we are met with respondents' contention in support of the judgment to the effect that the prior action between the parties to this litigation, *Gustin v. Klingenberg, supra,* is *res judicata* of appellant's present cause of action.

In his complaint, and on this appeal, appellant has relied solely upon the terms of the lease, particularly upon that clause which we have already set forth in this opinion. Upon this theory of the case, it is plain that appellant must succeed, if at all, by establishing that respondents have in some way become obligated to him under the terms of the lease covenant, as applied to the facts developed in the case.

Pursuing this reasoning, appellant urges that the covenant in question ran with the land, automatically fastening liability to conform to its terms upon respondents, as grantees of the covenantors, the Van Pelts. As further support for his contentions, appel-

lant introduced in evidence the testimony of several witnesses tending to prove that he was led by oral representations of respondents to believe that they would permit him to continue as tenant of the premises under the same leasehold agreement, and that he was thereby induced to undertake the seeding of the sixty-eight acres after the property had been sold to respondents.

Admitting, *arguendo*, that the covenant was one which ran with the land, and that the alleged representations were made by respondents, we are yet unable to agree with appellant that liability on the part of respondents must necessarily follow.

■■ Examination of the covenant in the lease upon which appellant relies, reveals with unmistakable clarity that it was not intended to apply if appellant were requested to relinquish possession at the end of his term, but to be operative only in the situation where the landlord or his grantee chose to demand "immediate possession," i. e., where the effect of the demand would be to deprive appellant of benefits which would otherwise have accrued to him during the remainder of his fixed term under the lease.

No such situation has been developed by the evidence introduced by appellant. The expiration date of the original term of the lease was September 30, 1919. Holding over as he did with the consent of the Van Pelts, appellant continued to farm the premises on the basis of succeeding one-year leases, each expiring as of the anniversary date of the expiration of the original term. Applying this reasoning, the lease under which appellant occupied the farm at the time of its sale to respondents expired September 30, 1936, or, as stated in the findings of the court in the prior action, superior court cause No. 19445, on the following day, October 1, 1936.

Nor can appellant now be heard to assert that there arose from respondents' oral representations any extension of his leasehold interest in the farm. The issues of when appellant's term expired and of respondents' right to possession of the premises, were specifically litigated in the former action and have become *res judicata* between these parties. *Large v. Shively,* 194 Wash. 608, 79 P. (2d) 317, 82 P. (2d) 793.

We are bound to consider, then, that appellant's interest in the farm terminated October 1, 1936. Upon this basis, respondents were shown by the evidence introduced by appellant to have done no more than to demand, September 12, 1936, that appellant relinquish possession to them at the expiration of his term. Neither the particular covenant in the lease to which appellant draws our attention, nor any other language embodied in that instrument, requires that appellant be reimbursed, at the expiration of his term, for the reasonable value of cultivation, seeding, or immatured crops.

We conclude that appellant has failed to make out a cause of action against respondents based upon the terms of the lease. There was no error in granting respondents' motion for judgment n. o. v.

The judgment is affirmed.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.