[No. 30244. Department One. October 30, 1947.]

WALTON H. PETSCH et al., *Appellants*, v. C. F. WILL-MAN *et al.*, *Respondents.*[1]

[1]Reported in 185 P. (2d) 992.

*Geo. W. Young,* for appellants.

*Frank P. Weaver,* for respondents.

HILL, J.—There are two questions presented on this appeal. The first we will state in the language of the respondent:

"Can a lessor, under a written term lease, sue for possession of the leased premises under Section 785 *Remington's Revised Statutes* in the guise of an action to quiet title to the leased premises when the default alleged is a non-payment of a monthly rental, without complying with Section 812(3) *Remington's Revised Statutes* requiring three days notice to the lessee to 'quit or pay rent'?"

The answer to that question is yes. We have held several times that one having the right to possession of certain premises may proceed under Rem. Rev. Stat., § 785

[P.P.C. § 24-1], which we will call the ejectment and quiet title statute, or under Rem. Rev. Stat., § 812 [P.P.C. § 55-5], which we will call the unlawful detainer statute, for the purpose of making that right to possession effective. *Johnson v. Chittenden,* 146 Wash. 645, 264 Pac. 425; *Gustin v. Klingenberg,* 190 Wash. 590, 70 P. (2d) 308; *Verline v. Hyssop,* 2 Wn. (2d) 141, 97 P. (2d) 653. If he elects to proceed under the ejectment and quiet title statute to recover possession for a violation of the covenant to pay rent, he is not required, as a condition precedent, to have given the three-day notice to pay rent or quit the premises required by Rem. Rev. Stat., § 812, which is a condition precedent to such an action under the unlawful detainer statute.

█ The two statutes, ejectment and quiet title and unlawful detainer, are not to be construed as *in pari materia,* as contended by respondent. Ejectment is the common-law action, except as modified by statute; and unlawful detainer is a purely statutory and summary procedure, providing for shortened notice, immediate possession pending trial under certain conditions, and double damages.

The history of the two statutes further emphasizes that they are not *in pari materia.* Beginning with the first territorial legislature in 1854, we find § 398 of "An Act Regulating the Practice and Proceedings in Civil Actions," in the district courts:

"Any person having a valid subsisting interest in real property and a right to the possession thereof, may recover the same by action in the district court of the proper county, to be brought against the tenant in possession; if there is no such tenant then against the person claiming the title or some interest therein."

This is clearly the forerunner of Rem. Rev. Stat., § 785.

At the same session of the legislature, there was passed "An Act Relating to Justices of the Peace and Constables, and the Practice Before Justices of the Peace." By this act, justices of the peace were given jurisdiction "of an action for a forcible or unlawful detention of lands, tenements, or other possessions." This statute provided for a

ten-day demand in writing "to deliver up possession of the premises, or to pay the rent so due."

It will be observed that the remedies provided by the legislature in 1854 could not have been *in pari materia,* because they had to be pursued in different courts. It was not until after statehood that we find jurisdiction of both ejectment and unlawful detainer vested in the same court; but both remedies are carried over from the territorial courts by separate enactments and, so far as we can ascertain, with no thought that the remedies were not entirely separate and distinct.

We now turn to the second question in the case: Has the appellant alleged facts which entitle him to possession based on the forfeiture of a lease? The complaint alleges, in effect, that the fifth day of each month was the day on which the rent was due; that on the sixth day of September, 1946, the landlord demanded payment of the rent; that, the rent not being paid in accordance with the demand, he gave notice of forfeiture and demanded possession of the premises; that the tenant refused to recognize the forfeiture or to surrender the premises.

We must first determine whether, the demand not having been made on September 5th, the due date, there could be a forfeiture.

We are not here concerned with whether, on the trial, a court would permit a forfeiture of the lease, but with the question of whether the landlord has stated a cause of action and is entitled to present his proof. It is unquestioned that the common law was that, before a lease could be forfeited, the landlord must make demand before sundown on the due date. It is undisputed that in this case demand was not made until the day after the due date.

Appellant takes the position that the common-law rule is no longer applicable, and that Rem. Rev. Stat., § 785, is a complete body of law and contains all of the limitations on the right to maintain an action in ejectment, and relies on *Lewiston Water & Power Co. v. Brown,* 42 Wash. 555, 85 Pac. 47. But appellant seeks to make § 785 cover too

large a field. It provides that, if a person has (1) a valid subsisting interest in real estate and (2) a right to possession thereof, he may recover that possession. It does not purport to supersede all existing common law on the ways and means of acquiring the right to possession which a landlord must have before Rem. Rev. Stat., § 785, becomes available to him. It does not purport to determine what constitutes a right of possession. The landlord in this case alleges that his tenant's lease was forfeited and, therefore, he is entitled to possession; but Rem. Rev. Stat., § 785, does not deal with the forfeiture of leases. If it could change the rule that demand must be made upon the due date, it could as easily eliminate the necessity of any demand whatsoever.

We are of the opinion that, unless the common-law rule requiring that demand be made on the due date has been changed by statutory enactments other than Rem. Rev. Stat., § 785, the demurrer was properly sustained.

Investigation discloses that the common-law rule relative to forfeiture for nonpayment of rent was changed by at least two enactments, neither of which has been expressly repealed, and both of which have been omitted by code compilers because of the opinion of the compilers that they had been superseded by Rem. Rev. Stat., § 812, or Rem. Rev. Stat., § 830.

We find both of these enactments in the Code of 1881:

"Sec. 548. When in the case of a lease of real property and the failure of tenant to pay rent, the landlord has a subsisting right to re-enter for such failure; he may bring an action to recover the possession of such property, and such action is equivalent to a demand of the rent and a re-entry upon the property. But if at any time before the judgment in such action, the lessee or his successor in interest as to the whole or a part of the property, pay to the plaintiff, or bring into court the amount of rent then in arrear, with interest and cost of action, and perform the other covenants or agreements on the part of the lessee, he shall be entitled to continue in the possession according to the terms of the lease."

"Sec. 2056. When a tenant fails to pay rent when the same is due, and the landlord notifies him to pay said rent or quit the premises within ten days, unless the rent is paid

within said ten days, the tenancy shall be forfeited at the end of said ten days."

We find these two provisions construed together in *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760, as being the applicable law of this state in February, 1890. It was held that a notice given on February 1, 1890, by the plaintiff, was a sufficient compliance with the Code of 1881, § 2056, and that the tender made by the defendant on February 12, 1890, was not in compliance with § 548 of that code.

It becomes necessary to make a somewhat detailed study of these two sections to determine whether they have been superseded or repealed, or whether they are still the law of this jurisdiction, and we shall deal with them separately.

HISTORY OF § 2056 OF THE CODE OF 1881

The Code of 1881, § 2056, made its first appearance as § 4 of an act approved January 28, 1867, "In Relation to Landlord and Tenant." Rem. Rev. Stat., §§ 10618-10621 [P.P.C. §§ 719-1 to -7], both inclusive, comprising the present chapter on leases, have their geneses in §§ 1, 2, 3, and 5 of the act of 1867.

The Code of 1881, § 2056, was carried forward into Hill's Code in 1891 as § 2800 of vol. 1, but was omitted from Ballinger's Code of 1897 and from all subsequent codes, on the theory that it was repealed by Rem. Rev. Stat., § 812. (It is so stated in the note to Rem. Rev. Stat., § 10620.)

Rem. Rev. Stat., § 812, is part of the unlawful detainer statute. As has heretofore been stated, that statute provides a summary remedy for securing possession of real property and, in territorial days, was administered in the justice courts. It became a remedy that could be pursued in the superior court by virtue of an act passed March 27, 1890. The basis for the contention that the Code of 1881, § 2056, was repealed must be found in chapter 96, p. 179, Laws of 1891, being "AN ACT defining forcible entry, forcible detainer and unlawful detainer of real property, and providing remedies therefor by summary proceedings." Subd. 3 of § 3 of that chapter (the forerunner of Rem. Rev. Stat., § 812(3)) reads as follows:

"SEC. 3. . . . 3. When he continues in possession in person or by sub-tenant after a default in the payment of any rent, and after a notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, served (in manner hereafter in this act provided) in behalf of the person entitled to the rent upon the person owing the same, shall have remained uncomplied with for the period of three days after service thereof. Such notice may be served at any time after the rent becomes due; . . ."

The repealer clause in that chapter is as follows:

"SEC. 25. The act of the legislature of the State of Washington, approved March 27, 1890, entitled 'An act relating to summary proceedings for obtaining possession of real property in certain cases, and declaring an emergency,' and all acts and parts of acts, and all code provisions relating to the subject matter of this act (other than provisions for criminal prosecutions), are hereby repealed: *Provided, however,* That this repeal shall in nowise affect vested rights: *And provided further,* That no proceeding pending in any court at the time this act shall go into effect shall be in anywise affected by this act."

■ We are of the opinion that the Code of 1881, § 2056, being 1 H.C., § 2800, was not superseded by the Laws of 1891, chapter 96, § 3(3), being 2 H.C., § 549, nor repealed by the repealer clause, both of which are quoted above, for the following reasons:

■ (1) The Code of 1881, § 2056, dealt with the conditions under which there might be a forfeiture of a tenancy and was part of chapter 164 of that code, dealing with "Landlord and Tenant," whereas the section which is supposed to have superseded it is part of a definition of unlawful detainer. There could be a forfeiture of a lease without a resort to the summary remedy of unlawful detainer. This court, in *State ex rel. Waterman v. Superior Court,* 127 Wash. 37, 220 Pac. 5, clearly recognized that there may be forfeitures in other than unlawful detainer actions, for in that case we held that Rem. Rev. Stat., § 830 (then Rem. Comp. Stat., § 830), authorizing the court to relieve a tenant against the forfeiture of a lease, is applicable only in

case the forfeiture is determined by the judgment of the court entered in a forcible entry and detainer action.

(2) The repeal of

". . . all acts and parts of acts, and all code provisions relating to the subject matter of this act (other than provisions for criminal prosecutions) . . ."

did not affect the Code of 1881, § 2056, because the subject matter of "this act" was a definition of forcible entry, forcible detainer, and unlawful detainer, and "providing remedies therefor by summary proceedings." Code provisions relative to the forfeiture of a tenancy did not relate to "the subject matter of this act."

It should be noted that the first compilation of a code following the enactment of the Laws of 1891, chapter 96, included both sections, and William Lair Hill, the compiler, failed to see anything inconsistent in them. (See 1 H.C., § 2800, and 2 H.C., § 549.)

HISTORY OF § 548 OF THE CODE OF 1881

For the sake of convenience, we again set forth the provisions of this section:

"When in the case of a lease of real property and the failure of tenant to pay rent, the landlord has a subsisting right to re-enter for such failure; he may bring an action to recover the possession of such property, and such action is equivalent to a demand of the rent and a re-entry upon the property. But if at any time before the judgment in such action, the lessee or his successor in interest as to the whole or a part of the property, pay to the plaintiff, or bring into court the amount of rent then in arrear, with interest and cost of action, and perform the other covenants or agreements on the part of the lessee, he shall be entitled to continue in the possession according to the terms of the lease."

While, as we have seen, the statutory authority for an action in ejectment dates back to 1854, this particular section first appeared as § 500 in "An Act to Regulate the Practice and Proceedings in Civil Actions," approved December 2, 1869. The act was divided into numerous chapters, and § 500 appeared under the subtitle "ACTIONS TO RECOVER AND AFFECTING REAL ESTATE," being chapter 46, p. 128, which contained §§ 488 to 504, both inclusive, in

which the procedure and the rights of the parties in such actions were outlined in considerable detail.

It next appeared as § 498 in "An Act to Regulate the Practice and Proceedings in Civil Actions," approved November 10, 1873. Section 498 was included in chapter 46 thereof, p. 131, entitled "ACTIONS TO RECOVER AND AFFECTING REAL ESTATE," which contained §§ 486 to 502, both inclusive, and was, in general, the same as the 1869 enactment.

It appeared again as § 552 in "An Act to Regulate the Practice and Proceedings in Civil Actions," approved November 8, 1877. Chapter 45, p. 112, entitled "ACTIONS TO RECOVER AND AFFECTING REAL ESTATE," contained §§ 540 to 555, both inclusive, of the act, and was also, in general, the same as the 1869 enactment.

All except one of the sections of chapter 45 of the 1877 enactment were carried over into the Code of 1881 as §§ 536 to 550, both inclusive, being chapter 46, entitled "ACTIONS TO RECOVER AND AFFECTING REAL ESTATE." As we have stated, the one now under consideration is § 548 of that code.

Section 536 of the Code of 1881 was amended by an act of the legislature approved March 14, 1890, and that section, as amended, and every other section of chapter 46 of the Code of 1881 *except* § *548* were carried forward into Hill's Code in 1891 as a separate chapter entitled "OF ACTIONS TO RECOVER POSSESSION OF OR QUIET TITLE TO REAL PROPERTY," being §§ 529 to 545, inclusive, of that code.

Section 548 of the Code of 1881 has not appeared in any subsequent code, though a question was raised in the 1897 code, being Ballinger's Annotated Codes and Statutes, as to whether it had been repealed *in toto*. (See notes to § 5527 of that code.)

It apparently was believed by William Lair Hill, compiler of the 1891 code, that § 22 of "An Act relating to summary proceedings for obtaining possession of real property in certain cases, and declaring an emergency," approved March 27, 1890, or § 21 of chapter 96, Laws of 1891 ("An Act defining forcible entry, forcible detainer and unlawful detainer of real property, and providing remedies therefor

by summary proceedings"), had superseded § 548 of the Code of 1881; or that § 548 had been repealed by § 25 of chapter 96, p. 187, Laws of 1891. Section 25 (the repealer clause) of the latter enactment has been quoted heretofore; § 21 reads as follows:

"The court may relieve a tenant against a forfeiture of a lease and restore him to his former estate, as in other cases provided by law, where application for such relief is made within thirty days after the forfeiture is declared by the judgment of the court, as provided in this act. The application may be made by a tenant or sub-tenant, or a mortgagee of the term, or any person interested in the continuance of the term. It must be made upon petition, setting forth the facts upon which the relief is sought, and be verified by the applicant. Notice of the application, with a copy of the petition, must be served on the plaintiff in the judgment, who may appear and contest the application. In no case shall the application be granted except on condition that full payment of rent due, or full performance of conditions of covenants stipulated, so far as the same is practicable, be first made."

■ This was 2 H. C., § 567, and is now Rem. Rev. Stat., § 830. (It is identical with § 22 of the 1890 act referred to, except that, instead of "as in other cases provided by law," in the second and third lines, the language in the 1890 act was "in case of hardship.") We are of the opinion that the Code of 1881, § 548, has not been superseded by Rem. Rev. Stat., § 830 (Laws of 1891, chapter 96, § 21; 2 H. C., § 566), or repealed by § 25 of that chapter, for the following reasons:

(1) The Code of 1881, § 548, deals with a situation in which (a) the tenant has failed to pay rent and (b) the landlord has a subsisting right to re-enter, and provides that, in that case, the landlord may bring an action to recover possession of the property, and that such action is equivalent to a demand for the rent and a re-entry upon the premises. It further provides that, at any time before judgment in such action, the lessee may, by taking certain action, be entitled to continue in possession according to the terms of the lease. The action which the landlord may bring clearly is not an action in unlawful detainer, with its

provision for shortened notice and summary procedure. We have already seen that this court has held that Rem. Rev. Stat., § 830, does not give relief to anyone except those whose tenancies have been forfeited under the unlawful detainer statute. *State ex rel. Waterman v. Superior Court, supra.* In that case, after quoting Rem. Rev. Stat., § 830 (then Rem. Comp. Stat., § 830), we said:

"This section is a part of the act on forcible entry and detainer, and by its terms is applicable only in cases where the forfeiture of a lease is declared by the judgment of a court entered in a forcible entry and detainer action."

The Code of 1881, § 548, was, it seems to us, intended to give relief from forfeiture to tenants in cases which could not be reached under the terms and provisions of Rem. Rev. Stat., § 830.

(2) We have previously pointed out, in discussing the Code of 1881, § 2056, that the repealer section of the unlawful detainer statute (Laws of 1891, chapter 96, § 25) affected only "code provisions relating to the subject matter of this act," which was a definition of "forcible entry, forcible detainer and unlawful detainer of real property, and providing remedies therefor by summary proceedings." Code provisions relating to ejectment and quiet title actions did not relate to "the subject matter of this act."

It is our view that both §§ 548 and 2056 of the Code of 1881 are unsuperseded and unrepealed. The appellant obviously cannot rely on § 2056, as he did not give ten days' notice to pay rent or quit, as required for a forfeiture under that section. But the lease in this case provided for a right of re-entry if "any rent shall be due and unpaid." Having by the terms of the lease a subsisting right to re-enter for the failure to pay rent, the appellant was entitled to begin his action, without any demand, under the terms of the Code of 1881, § 548, such action being equivalent to a demand under the terms of that section. His complaint, therefore, states a cause of action, and the order sustaining the demurrer was erroneous, and the action should not have been dismissed. It may be somewhat of a Pyrrhic victory for ap-

pellant, in view of the other provisions of § 548 whereby the tenant is entitled to retain possession upon the making of certain payments.

The judgment of dismissal is reversed, and the trial court is instructed to overrule the demurrer to the complaint.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.