[No. 468-41411-1.    Division One—Panel 2.    December 14, 1970.]

MARY ELIZABETH HILL, *Appellant,* v. BERNARD HILL, *Respondent.*

*Jack Steinberg,* for appellant.

HOROWITZ, A. C. J.—Plaintiff, defendant's former wife, sued defendant to recover possession of a home, to recover for rent due and for other relief. From a judgment of dismissal with prejudice, plaintiff appeals.

The parties were married in 1957. On September 12, 1967, plaintiff obtained a default divorce decree from the defendant. The decree, in addition to the divorce, awarded the plaintiff custody of their two minor children, required the defendant to pay child support, community obligations and attorney's fees.

Plaintiff also was awarded "the equity in the home at 317 33rd East in Seattle . . . together with the household furniture contained therein," "the equity in a 1959 Rambler automobile . . ." and "United States savings bonds." The defendant was awarded "the equity in a 1963 Buick . . . automobile . . ."

There was evidence below that when the divorce decree was entered, defendant was in possession of the home by virtue of an oral agreement with his wife pleaded as an affirmative defense to the plaintiff's action in the instant case. The divorce decree admitted in evidence makes no reference to the husband's possession or right of possession nor to the claimed agreement therefor nor does it contain any approval of any oral agreement for possession. Neither the pleadings, testimony given, findings nor conclusions entered in the divorce proceedings were offered or received in evidence below.

Plaintiff in substance testified that after the entry of the divorce decree, she permitted the defendant to remain in possession for the time being because of his financial condition. Later, when plaintiff demanded that defendant vacate possession, defendant refused to do so. Plaintiff then brought unsuccessful contempt proceedings followed by the action below to recover possession of the home, for unpaid rent and other relief, based on defendant's alleged noncompliance with the provisions of the divorce decree. The complaint served and filed below was accompanied by two summonses: in one, the action was characterized as "of unlawful detainer and for rent due . . . " the other summons was in usual form. Defendant answered admitting the entry of the divorce decree, his refusal to move out of the home after request and affirmatively pleaded that prior to the entry of the decree, he and the plaintiff had entered into an agreement whereby plaintiff agreed to transfer the equity in the home to the defendant in consideration for the defendant's promise to pay $1,000 and in further consideration of defendant's promise not to appear in or contest the divorce action. He further alleged that pursuant to the agreement, he had not appeared in nor contested the divorce action and that he was willing to perform the agreement in accordance with its terms. At trial, evidence as to the existence and validity of the claimed agreement was disputed, and no evidence of the rental value of the premises was offered or received. There was much testimony concerning the payment and nonpayment of community debts. The court below, however, made no findings on the existence or validity of the alleged agreement, the fair rental value of the house, the damages for detention of the premises, or the payment or nonpayment of community debts. No assignment of error makes it necessary for us to consider the testimony concerning such debts.

The critical assignments of error are concerned with the proper construction of the divorce decree on the matter of the plaintiff's right of possession and the remedies available

to her to recover such possession. The court made findings on the value of the home and of plaintiff's removal from the home in 1967 prior to the entry of the divorce decree. Although assignments of error are made to these findings, we consider neither finding critical on the issues here involved. *Johnson v. Safeway Stores, Inc.,* 1 Wn. App. 380, 461 P.2d 890 (1969). We note, however, that under RCW 26.08.110, the court in entering its divorce decree, was empowered to award the equity in the home to the plaintiff regardless of its value and whether or not plaintiff had moved from the home for whatever reason.

Plaintiff contends that the court erroneously construed the divorce decree as not awarding the right of possession of the home and furniture to the plaintiff. The court below found that the decree was ambiguous; that a rule of strict construction should be applied against the plaintiff as the party who drafted the decree; that applying such a rule, the right of possession had not been awarded to the plaintiff; that accordingly no landlord and tenant relationship existed between the parties so that an action for unlawful detainer did not lie.

In construing a divorce decree we seek to ascertain the intention of the court entering the decree in light of the record before the court at that time. *Callan v. Callan,* 2 Wn. App. 446, 468 P.2d 456 (1970). This is true whether or not the decree was initially drafted by plaintiff's counsel. The evidence received in the instant case concerning possession and a claimed agreement therefor was not shown to have been introduced or otherwise considered by the court in the divorce proceedings. Had the defendant appeared or pled in those proceedings, the court would have had an opportunity to consider the existence or validity of any such agreement and to determine whether it should be approved. The decree being a default decree presumably was entered, in conformity with the complaint and the evidence offered in its support, in the exercise of the power conferred by RCW 26.08.110. Presumably, the court intended to determine all of the property rights of the parties and not leave such

rights undisposed of, in whole or in part. This is especially true when it is remembered that the home property was directly and expressly involved in the proceedings. *See* 24 Am. Jur. 2d *Divorce and Separation* § 925 (1966).

■■ The term "equity in the home" is commonly understood to mean the value of the property in excess of the encumbrances against it. *Crowder v. Department of Social Sec.*, 42 Wn.2d 782, 786, 259 P.2d 387 (1953). The award of the equity is the award of title or ownership of the home, subject to outstanding encumbrances such as a mortgage. The concept of title or ownership is a concept describing a bundle of rights in rem with respect to property, of indeterminate duration, residuary in character and includes the right to possess, use, consume, destroy and alienate the subject matter of that ownership. *Ackerman v. Port of Seattle*, 55 Wn.2d 400, 409, 348 P.2d 664 (1960); *In re Estate of Eckert*, 14 Wn.2d 497, 504, 128 P.2d 656 (1942); *Litel v. Marsh*, 33 Wn.2d 441, 446, 206 P.2d 300 (1949); Salmond on Jurisprudence 246-49 (12th ed. P. Fitzgerald 1966). When therefore the court awarded the plaintiff "the equity in the home . . . together with the household furniture contained therein" it awarded to the plaintiff the bundle of rights constituting the equity, one of which was the right of possession. Such a right carried with it the right of the plaintiff to occupy or to rent the premises. Without such a right, she would have been awarded title, subject to the continuing burdens of ownership, including the factual necessity of paying off any mortgage lien, taxes, and costs of repairs and maintenance. Such a result would have increased the plaintiff's financial burdens and would have been an invitation to further litigation between the parties, an eventuality that has actually occurred. That no such result was intended is supported by the rule that the failure of the divorce court to find the existence of the claimed agreement for possession, the burden of proving which is on the defendant, is in effect a finding against the existence of the agreement. *McCutcheon v. Brownfield*, 2 Wn. App. 348, 467 P.2d 868 (1970).

■ The remaining question relates to the plaintiff's remedy to recover possession. The summons and complaint below did not make it clear on the face of the record whether the plaintiff was proceeding under unlawful detainer statutes (RCW 59.12), under ejectment and quieting title statutes (RCW 7.28), or possibly for other relief based on the right to possession. *Woodward v. Blanchett,* 36 Wn.2d 27, 216 P.2d 228 (1950). The burden was upon the plaintiff to establish her claim and to make clear just what it is. She must elect whether to proceed by unlawful detainer or by way of ejectment or otherwise. *See Petsch v. Willman,* 29 Wn.2d 136, 185 P.2d 992 (1947). If plaintiff invokes unlawful detainer jurisdiction, the superior court sits as a court of limited jurisdiction. Such a court cannot entertain an action for ejectment which is maintainable only before a court of general jurisdiction. Accordingly, the court cannot convert the unlawful detainer action into one for ejectment or other actions maintainable before a court of general jurisdiction. *Tuschoff v. Westover,* 65 Wn.2d 69, 395 P.2d 630 (1964); *Sundholm v. Patch,* 62 Wn.2d 244, 382 P.2d 262 (1963); *Young v. Riley,* 59 Wn.2d 50, 365 P.2d 769 (1961); *Little v. Catania,* 48 Wn.2d 890, 297 P.2d 255 (1956); *State ex rel. Seaborn Shipyards Co. v. Superior Court,* 102 Wash. 215, 172 P. 826 (1918); *Jeffries v. Spencer,* 86 Wash. 133, 149 P. 651 (1915).

■ In the instant case, plaintiff filed and served two summonses with her complaint, one resembling an unlawful detainer summons and the other being a regular summons. The summonses were accompanied by a complaint capable of being construed as a complaint for unlawful detainer. The trial court informed counsel for the parties that he construed the action as one for unlawful detainer and plaintiff did not claim that her action was exclusively one for ejectment or other relief available in a court of general jurisdiction. Not having clearly informed the court and counsel that the action was one for unlawful detainer, plaintiff is deemed to have acquiesced in the court's con-

struction and thereby to have elected to treat the action as one for unlawful detainer. *See Petsch v. Willman, supra.*

Plaintiff contends the court should have construed the true nature of the action as one not limited to unlawful detainer. She calls attention to the fact that the unlawful detainer summons called for an answer by March 10, 1969, 30 days after filing, instead of the maximum permitted 12 days from date of service. RCW 59.12.070. The date of service is not shown by the record. For all that the record shows, March 10, 1969 may have been 12 days from date of service. However that may be, a return day in an unlawful detainer summons beyond the permitted maximum does not render the unlawful detainer proceeding a void proceeding. In *Olson Land Co. v. Alki Park Co.*, 63 Wash. 521, 523, 115 P. 1083 (1911), the court held that a general appearance in an unlawful detainer proceeding commenced by a 16-day summons, whose return date was beyond the then maximum permitted, was a waiver of the defect. *Cf. Little v. Catania, supra.*

The fact that the court below denied relief on a construction of the divorce decree which we do not accept does not mean that the affirmance of the judgment below cannot be independently supported. There was a failure to prove the reasonable rental value of the premises and to allege and prove the service of the 3-day notice to quit—a condition precedent to relief under the statute. *Little v. Catania, supra.* We may affirm a judgment on a ground different from that relied on by the trial court. *State v. Humburgs,* 3 Wn. App. 31, 472 P.2d 416 (1970).

The court's judgment is a judgment of dismissal with prejudice. Such a judgment, when relief is denied in an unlawful detainer action, is proper. *Sundholm v. Patch, supra.* However, the affirmance of the judgment of dismissal with prejudice entered below is to be understood as being without prejudice to the plaintiff's right to bring a subsequent action of ejectment, damages to the reversion, or unlawful detainer based on plaintiff's ownership of the equity of the home and plaintiff's right of possession

thereof since the date of the divorce decree. RCW 7.28.010; RCW 59.12; *see Warren v. Stansbury*, 199 Okla. 683, 189 P.2d 948 (1948); *see Little v. Catania, supra,* and *Young v. Riley, supra.* It is unnecessary to determine now whether in the litigation that may be brought, plaintiff's right of possession is to be recognized by operation of the doctrines of collateral estoppel, stare decisis or otherwise. *See* Restatement of Judgments §§ 68-71 (1942).

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.