# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Appellant,

v.

WILLIAM FREDERICK JENSEN,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 74319-8-I

UNPUBLISHED OPINION

FILED: November 14, 2016

DWYER, J. — After a jury convicted William Jensen of four counts of solicitation to commit first degree murder, the court entered a judgment and sentence requiring restitution in an amount to be determined. The court later entered a separate agreed order of restitution that included future counseling costs. Jensen appealed the judgment and sentence but not the restitution order. The Washington Supreme Court reversed two of Jensen's convictions and remanded for vacation of those convictions and resentencing.

On remand, the court ordered restitution but, unaware of the prior order setting restitution, set a future hearing to determine the amount. Jensen later moved to strike that hearing on the ground that it was set more than 180 days after the resentencing hearing and was therefore untimely under RCW 9.94A.753(1). In September 2009, the superior court orally granted Jensen's motion, but entered no written ruling. The court ruled that the agreed order of

restitution entered in 2005 had expired when it was not reimposed on remand. The court concluded that the current restitution hearing was therefore a hearing to set restitution for the first time, not a hearing to modify the 2005 restitution order, and that the hearing was untimely because it was set more than 180 days after the resentencing hearing.

The State subsequently moved to supplement restitution, and the court entered two orders – one memorializing the 2009 oral ruling and another striking the State's motion. The State appeals these orders, arguing that the 2005 restitution order never expired and that the superior court erred by striking the restitution hearings. We reverse.

I

Based on allegations that Jensen tried to hire hit men to kill his wife, children, and sister-in-law, the State charged him with four counts of first degree solicitation to commit murder. A jury convicted him and the court entered a judgment and sentence ordering restitution in an amount to be determined at a later hearing.

On June 7, 2005, the court entered an agreed order of restitution in the amount of $2,304.50. The order also authorized restitution "for future additional costs as counseling may be required in the future for all victims."

No. 74319-8-I/3

Jensen appealed the judgment and sentence but did not appeal the order of restitution.[1] The Washington Supreme Court reversed two of Jensen's convictions and remanded "for vacation of two convictions and for resentencing." State v. Jensen, 164 Wn.2d 943, 959, 195 P.3d 512 (2008).

In February of 2009, the court held a resentencing hearing. In its oral ruling, the court noted that the original "sentence was reversed by the supreme court *with respect to the four unit of prosecutions [sic]*." (Emphasis added.) The court proceeded to impose a sentence at the top of the standard range. It then stated:

> The Court will reimpose all the other conditions of the [original] sentence, including no contact with the victims. Restitution, I believe Judge Jones waived certain costs and financial circumstances. The Court is not going to make other changes to [that] sentence.

Following the oral ruling, the prosecutor erroneously told the court that while the original judgment and sentence ordered restitution in an amount to be determined, no restitution order had ever been entered. Based on that misinformation, the court agreed to set a future restitution hearing. It then signed a new judgment and sentence that simultaneously required Jensen to pay restitution "as set forth . . . in the previously filed Appendix E," but ordered restitution "to be determined at future restitution hearing." It is undisputed that no appendix E had ever been filed with the court.

---

[1] Jensen filed his amended notice of appeal from the original judgment and sentence on January 26, 2005, long before the June 2005 order setting restitution.

- 3 -

In September of 2009, the court held a restitution hearing. Defense counsel moved to strike the hearing, arguing that the court lacked authority to award restitution because the hearing had not occurred within 180 days of sentencing as required by RCW 9.94A.753(1). Anticipating the State's argument, defense counsel further argued that the hearing was not a modification of the 2005 agreed order of restitution because the resentencing court had not reimposed that order. The prosecutor disagreed, arguing that the reference to the "previously filed Appendix E" in the resentencing court's judgment and sentence "was intended to adopt anything that had been previously filed" regarding restitution. Therefore, the prosecutor argued, the current hearing involved a proposed modification to the 2005 restitution order and was not subject to the 180-day time limit.

The court then asked the prosecutor the following question:

> [I]f, upon resentencing, the court never reissued the prior restitution order and never made reference to it, you would agree that then there would be no restitution order?
> . . .
> [It] [d]oesn't automatically continue, in other words.

The prosecutor agreed, adding "I think that would probably be accurate" and reiterating her contention that the resentencing court intended to adopt the prior order.

The court then granted the motion to strike, ruling in pertinent part as follows:

> The court agrees with [defense counsel], much reluctantly, because this is certainly not equitable to the victims of Mr. Jensen. . . . [I]t appears clear that I was not aware, or made aware, that there was a previous restitution order. The prosecutor certainly represented that there had not been one. Mistakenly, of course. And so I did not enter a restitution order . . . in February of 2009 . . . . It's true we checked the box "Defendant shall pay restitution as set forth in the previous filed appendix E," but there was no appendix E and the court was not aware that there had been a previous restitution order.
>
> So unfortunately, the State waited too late to get this hearing set, and *the court believes it does not have any authority under the case law and the statute to set a restitution order, . . . the [original] order having expired when it was not made a condition of the new sentence.* So the court grants the defendant's motion to dismiss the motion for restitution.

(Emphasis added.) Although defense counsel told the court he would prepare a written order, no order was ever filed.

Six years later, in August of 2015, the State filed a motion to supplement the original 2005 restitution order with counseling costs incurred since 2009. Jensen moved to strike the hearing. The court granted the motion, stating in part:

> Because no written order was ever entered following [the] 9/30/15 ruling[ ], a separate order shall be entered at this time reflecting that ruling so that the State has an opportunity to appeal.
>
> The Court notes that, as a result of the sequence of events following remand, including an inadvertent reference in an Order on Judgment and Sentence to an Exhibit E that did not exist, a mistaken representation by the prosecutor that restitution had not previously been set, and a failure by the prosecutor to set a hearing for restitution within 180 days, the victims in this case have been deprived of restitution. . . . In light of [the court's] ruling in the 9/30/09 hearing, this Court does not have authority to conduct a restitution hearing or order further restitution. However, the Court urges both parties to consider the equities of the situation and to

consider addressing the situation voluntarily or by entry of an agreed order.

The court also entered an order reflecting the earlier September 30, 2009 oral ruling. That order states in part:

1.  At the February 13, 2009 resentencing hearing the Court was not made aware of Judge Jones' prior restitution order dated 6/7/05.
2.  Instead, the prosecutor represented to the Court (mistakenly) during the February 2009 resentencing hearing that there was no previous restitution order.
3.  At the February 2009 resentencing hearing the Court indicated that restitution would be determined at a future hearing.
4.  The order entered in February 2009 had a check in the box "Defendant shall pay restitution as set forth in the previously filed appendix E," but there was no appendix E and the court was not aware that there had been a previous restitution order.
5.  The State waited too long to get a hearing set to determine restitution.
6.  The Court believes it does not have any authority to set a restitution order, Judge Jones' order having expired when it was not made a condition of the new sentence.

The State appeals the 2015 orders.

II

The State contends that the superior court erred by striking the restitution hearings as untimely. It argues that the 2005 order setting the restitution amount was timely and unaffected by either the Washington Supreme Court's decision on appeal or Jensen's resentencing on remand. Therefore, the State reasons, the restitution hearings on remand were modifications of the 2005 restitution order, not original hearings to set restitution, and did not have to occur within 180

-6-

days of resentencing under RCW 9.94A.753(1). Jensen, on the other hand, contends the State cannot raise this issue because the prosecutor "conceded that the restitution order from the first sentencing was not adopted at the resentencing hearing and no longer had any force or effect" on remand. Br. of Resp't at 1. He concludes that "the State should not be heard to argue the opposite position now." Br. of Resp't at 4. Jensen's argument fails for several reasons.

First, the argument is not supported by pertinent authority. Although Jensen cites cases regarding preservation of errors, he cites nothing relating to a party changing their position on appeal or being bound by a concession below.

Second, to the extent that Jensen contends that the State needed to object to preserve its claim that the 180-day time limit in RCW 9.94A.753(1) did not apply to the stricken restitution hearings, the record shows that the State did object on those grounds at the hearings. And even in the absence of an objection and/or the occurrence of a concession, the issue may still be raised on appeal because it concerns an error of law in the court's sentence. See In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 877, 50 P.3d 618 (2002) (error of law in sentence cannot be waived by stipulation and is reviewable for the first time on appeal); RAP 2.5(a) (granting this court discretion to review unpreserved errors).

Finally, the State contends, and Jensen does not dispute, that the victims received no notice of the restitution hearing at which the State made its

concession. Because the victims had a constitutional right to notice of, and participation in, any restitution hearings,[2] we have discretion to review the court's striking of those hearings as a manifest error affecting a constitutional right. RAP 2.5(a).

Turning to the merits, RCW 9.94A.753(1) states, in pertinent part, that "[w]hen restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days . . . ." This time limit only applies to an initial hearing to set restitution; it does not apply to a hearing set to modify an earlier timely restitution order. See RCW 9.94A.753(4) (stating that restitution may be modified as to amount, terms, and conditions while the offender remains under the court's jurisdiction); State v. Gray, 174 Wn.2d 920, 927, 935, 280 P.3d 1110 (2012) (holding that courts may modify the total amount of restitution after 180 days). The central dispute in this case is whether the stricken restitution hearings were, in essence, hearings to modify a timely restitution order, or hearings to set restitution in the first instance. Resolution of this dispute turns on whether the 2005 restitution order survived the first appeal and resentencing. If it did, then the stricken restitution hearings were essentially modification proceedings and the 180-day time limit did not apply.

Citing State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003), Jensen argues that when, as here, a court remands a matter for "resentencing," the entire sentence is reversed or vacated. Jensen concludes that the 2005

---

[2] WASH. CONST. art. I, § 35.

restitution order was vacated when the Washington Supreme Court remanded his case for "resentencing." And because the resentencing court did not reimpose that order, Jensen maintains that the stricken hearings were not modification hearings and were therefore untimely. We disagree.

In Harrison, the appellate court "'reverse[d] Harrison's sentences and remand[ed] for resentencing.'" Harrison, 148 Wn.2d at 562 (emphasis added) (alterations in original) (quoting State v. Harrison, noted at 100 Wn. App. 1049 (2000)). The appellate court in Harrison thus clearly reversed the defendant's sentences in toto. By contrast, our Supreme Court in Jensen's appeal stated: "We reverse, in part, and remand for vacation of two convictions and resentencing." Jensen, 164 Wn.2d at 947 (emphasis added). This language did not reverse Jensen's sentences in their entirety. Nor did it affect the 2005 restitution order that Jensen had not appealed. State v. Rowland, 160 Wn. App. 316, 328, 249 P.3d 635 (2011) (noting that portions of an original judgment and sentence that were valid when pronounced are "'unaffected by the reversal of one or more counts'" (quoting State v. Kilgore, 167 Wn.2d 28, 37, 216 P.3d 393 (2009))), aff'd, 174 Wn.2d 150, 272 P.3d 242 (2012). Thus, contrary to Jensen's assertions, it was not necessary for the resentencing court to reimpose the 2005 restitution order for it to have force and effect on remand. Because the 2005 order remained in effect on remand, the stricken restitution hearings were hearings to modify restitution and were not subject to the 180-day statutory time limit.

And even if we were to conclude that the 2005 order had to be reimposed, the record indicates that it was. Interpretation of a court order or judgment is a question of law, and we interpret such orders to give effect to the issuing court's intent. In re Marriage of Thompson, 97 Wn. App. 873, 877, 988 P.2d 499 (1999); Hill v. Hill, 3 Wn. App. 783, 786, 477 P.2d 931 (1970), overruled on other grounds by Stokes v. Polley, 145 Wn.2d 341, 37 P.3d 1211 (2001). We may consider a trial court's oral decision when interpreting a court's findings and conclusions so long as there is no inconsistency. City of Lakewood v. Pierce County, 144 Wn.2d 118, 127, 30 P.3d 446 (2001) (quoting State v. Eppens, 30 Wn. App. 119, 126, 633 P.2d 92 (1981)). An ambiguity in a court's judgment or written decision may also be clarified by reference to the court's oral ruling. State v. Smith, 82 Wn. App. 153, 159, 916 P.2d 960 (1996); State v. Hescock, 98 Wn. App. 600, 606, 989 P.2d 1251 (1999). In addition, we have previously looked to a resentencing court's oral ruling to determine its intent regarding the original judgment and sentence. Rowland, 160 Wn. App. at 328.

Here, the judgment and sentence entered on remand is ambiguous regarding restitution. It first states that Jensen "shall pay restitution . . . as set forth . . . in the previously filed Appendix E." But it also states that restitution is "to be determined at future restitution hearing" on a "[d]ate to be set." As noted above, there was no previously filed appendix E, but there was a previously filed order of restitution. In addition, the judgment purports to require payment of an amount previously set, but then states that restitution will be set in the future.

These ambiguities justify resort to the resentencing court's oral decision. In that decision, the court announced the length of Jensen's confinement and then expressly stated its intention to "reimpose all the other conditions of the sentence" including restitution. While the prosecutor later misinformed the court that no order setting restitution had previously been entered, the court's intent to reimpose any and all aspects of the prior sentence other than those mentioned in its ruling is clear.

For the reasons set forth above, we conclude the stricken restitution hearings involved the modification of an extant restitution order and were therefore not subject to the 180-day time limit in RCW 9.94A.753(1). The superior court erred in ruling otherwise and in striking the hearings.

Reversed and remanded for proceedings consistent with this opinion.

We concur: