[No. 6919. Decided February 5, 1908.]

ROBERT TIPTON, *Appellant*, v. J. H. ROBERTS *et al.*,
*Respondents.*[1]

LANDLORD AND TENANT — RECOVERY OF POSSESSION — ACTIONS —
PLEADING—ANSWER OF PAYMENT. In an action of unlawful detainer
against a tenant, an answer is not demurrable as pleading a counter-
claim, but in effect pleads payment of rent, where it alleges an agree-
ment on the part of the landlord to make certain repairs, a failure
on his part to do so, the making of the repairs and paying therefor
by the defendants, and payment of the balance of the rent after de-
ducting the cost of the repairs, and that the checks given in payment
of rent were retained by the plaintiff for two months and until after
commencement of the action.

SAME—EVIDENCE OF PAYMENT—SUFFICIENCY. In an action of un-
lawful detainer against a tenant for nonpayment of rent, a finding
of full payment is supported by evidence that all rents due were
paid, less the amount paid for repairs which the landlord had agreed
to pay, and that a receipted bill for the repairs was given to and
retained by the landlord's agent.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered April 4, 1907, upon findings in
favor of the defendants, after a trial on the merits before the
court without a jury, dismissing an action of unlawful de-
tainer. Affirmed.

*Alfred M. Craven*, for appellant.

PER CURIAM.—This is an action for an alleged unlawful
detention of real estate. The defendants concededly occu-
pied the premises as tenants of the plaintiff until November
1, 1906. By the terms of the lease the rent was payable
monthly on the 1st day of each month, and the complaint
alleges that it was so paid until the said 1st day of November,
when default was made. It is alleged that notice in writing
was given to defendants, requiring them to pay the rent or

[1]Reported in 93 Pac. 906.

surrender the premises, neither of which things has been done. The failure to pay rent is denied by the defendants. The cause was tried by the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiff has appealed.

It is contended that the court erred in overruling appellant's demurrer to the affirmative defense. The demurrer was interposed upon the theory that the respondents had attempted to plead a counterclaim, which cannot be done in an action for unlawful detainer, within the decision in *Phillips v. Port Townsend Lodge*, 8 Wash. 529, 36 Pac. 476. The court overruled the demurrer upon the theory that the legal effect of the facts alleged was that of an allegation of payment or tender. We think there was no error in this regard. The allegations were, that the house needed repairing in the way of papering some rooms; that appellant promised to so repair, but afterwards failed and neglected so to do; that in order to make the house so that it could be used and occupied by respondents, they were compelled to make the repairs, and did so at an expense to themselves of $12.10. It is alleged that, on the 1st day of November, the day the rent became due and before any notice to quit was given, the respondents paid to appellant, by check, the rent due less the sum paid for repairs, and that they thereafter paid by a similar check the rent for the month of December; that appellant retained the checks until after the commencement of this action, and then returned them to respondents by mail.

It is argued that the allegations do not amount to a plea of payment or tender, for the reason that it is not alleged that appellant accepted the checks. Service in the action was made December 27, which was near two months after the check, less the amount of repairs, was delivered to appellant. The check was not returned until after that time. Such inexcusable delay to reject the payment either in amount or kind should be treated as an acceptance, or at least as effect-

ing a tender to the extent of preventing an attempted forfeiture for nonpayment of rent.

Other errors urged relate to the findings of the court. The findings were, in general effect, in accord with the affirmative allegations of the answer as above stated. It was also found that, prior to the commencement of the action, respondents duly tendered all rent due, less the said sum paid for repairs and $4 paid for water rent, the tender being kept good in court. No objection was made to the manner of original tender or payment by check, the objection being merely to the amount because of the deduction for repairs. But the receipted bill for repairs was accepted from respondents by appellant's agent, and retained by the latter, so that it represented a payment. The amounts of the remaining tenders were therefore correct, and there was no default. The findings are sufficiently justified by the evidence, and the judgment is affirmed.