[No. 8022. Department Two. August 5, 1909.]

S. R. HUTCHINSON, *Respondent*, v. C. W. WILSON, *Appellant*.[1]

FORCIBLE ENTRY AND DETAINER—EQUITABLE DEFENSES. In forcible entry and detainer, where defendant admits the lease, default, and notice to quit, equitable defenses, offsets, and counterclaims are not available.

SAME—FRAUD—EFFECT OF ADMITTING COMPLAINT. In forcible entry and detainer, the defendant cannot interpose, as a legal defense, the fact that the lease was void for fraud, entitling him to retain possession until reimbursed for his losses.

SAME—SURRENDER OF PREMISES TO THIRD PERSON. In forcible entry and detainer, the defendant cannot change the action to one of debt by surrendering the premises to a third person after the commencement of the action.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 5, 1909, in favor of the plaintiff, in an action of unlawful detainer of leased premises, upon sustaining a demurrer to affirmative defenses. Affirmed.

*Thomas J. Casey* (*Heber McHugh* and *John T. Casey*, of counsel), for appellant.

*E. P. Whiting*, for respondent.

MOUNT, J.—The respondent brought this action under the statute in unlawful detainer, alleging all the facts necessary, and praying for a restitution of certain leased premises, and for double the amount of rent past due under the terms of a written lease. The complaint was filed on April 14, 1908. On the same day a writ of restitution was issued and served upon the appellant. Thereafter, on April 22, 1908, the writ was executed by the sheriff, and appellant was ousted and the respondent placed in possession of the property. The sheriff made his return to the writ on the next day.

[1]Reported in 103 Pac. 474.

Thereafter a third amended answer was filed, and none of the allegations of the complaint were denied, and were therefore all admitted.

But appellant set out three affirmative defenses, in substance as follows: That the property leased had been used for a lodging house in the city of Seattle, and was furnished as such lodging house; that respondent owned the furniture, which he agreed to sell to appellant for $3,000; that the lease and the purchase of the furniture were one transaction, and one would not have been made without the other; that respondent falsely and fraudulently represented to appellant that the rooms were all rented to good tenants, and that the monthly income from the lodging house was $440; that appellant relied upon these representations, and agreed to lease the premises at $250 per month, payable in advance, and to buy the furniture at the price of $3,000; that $2,000 was paid in cash, $500 of which was to be held by the respondent as a cash bond for the faithful payment of the rent; that the other $1,500 was applied on the purchase of the furniture, which was subject to a mortgage for the remaining $1,500; that the income from the property was never $440 per month or any greater sum than $150; that said rooms were not rented to good tenants; all of which was known to respondent at the time he made the representations stated; that appellant rescinded the lease and contract immediately after discovering the facts, and tendered to respondent the leased premises and furniture on condition that respondent repay to appellant the $2,000 paid as aforesaid, which appellant refused.

For a second affirmative defense the answer alleged that respondent was not the owner of the leased premises, but was a lessor thereof under a lease expiring in 1910; that on April 21, 1908, while this action was pending, and while appellant was still in possession, the respondent surrendered the premises to the owner, who accepted the premises and subsequently leased the same to the Thompson Furniture

Company; that appellant on demand surrendered peaceable possession to said Thompson Furniture Company, and now disclaims any right to possession of the premises; that by reason thereof there is now no controversy between appellant and respondent respecting the rights of possession of said premises.

The third affirmative defense is simply a repetition of the allegations of the first two defenses above set out. Appellant in the third defense prays for a counterclaim for damages in the sum of $2,350. The trial court sustained a demurrer to these affirmative answers, and refused to change the form of the action to one for a debt. The defendant stood upon his answer and refused to plead further. The court thereupon granted judgment against the defendant for $900, the amount of rent due, but refused to double the rent. The defendant has appealed.

The rule is settled in this state that, in actions of this kind, where the defendant admits the lease and the failure to pay rent after the statutory notice to pay or quit, equitable defenses, offsets, and counterclaims are not available to such defendant. *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760; *Phillips v. Port Townsend Lodge*, 8 Wash. 529, 36 Pac. 476; *Owens v. Swanton*, 25 Wash. 112, 64 Pac. 921; *Carmack v. Drum*, 27 Wash. 382, 67 Pac. 808; *Bond v. Chapman*, 34 Wash. 606, 76 Pac. 97; *Morris v. Healy Lumber Co.*, 33 Wash. 451, 74 Pac. 662; *Tipton v. Roberts*, 48 Wash. 391, 93 Pac. 906.

The reason for the rule is stated in *Phillips v. Port Townsend Lodge*, *supra*, as follows:

. "The very object the legislature had in view in enacting the statute under which the appellants were proceeding was to afford a summary and adequate remedy for obtaining possession of premises withheld by tenants in violation of the covenants of their lease, and this object would be entirely frustrated if tenants were permitted to interpose every defense usual or permissible in ordinary actions at law. The statute prescribes that a tenant is guilty of unlawful de-

tainer, after default in the payment of rent pursuant to the lease or agreement under which the property is held, and three days' notice in writing, requiring its payment or possession of the property, shall have been served upon him. Laws 1891, p. 180. And when these facts are made to appear to the satisfaction of the court or jury upon the trial, the landlord is entitled to judgment for restitution of the premises, and also to judgment declaring the forfeiture of such lease or agreement, together with damages and the rent found due. In such proceedings counterclaims and offsets are not available."

While counsel for appellant apparently admit the rule above stated, they seek to distinguish this case by asserting that the defenses here interposed are legal defenses and not equitable defenses. They argue that, because the contract was induced by fraud, it therefore "never became a valid or operative one," and cite *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643. However plausible this argument may be, it is clear that appellant cannot hold possession of the premises under the contract and, at the same time, maintain that the contract is void. He must take one position or the other; he cannot take both at the same time. By admitting all of the allegations of the complaint, he admits, that he holds possession under the lease, that he has not paid the rent, and that he has been notified to quit and refused to do so; in short, that he detains possession of the property unlawfully. In the face of these admissions, the writ of restitution was proper, and the appellant cannot be heard to say that the lease is void, it is no lease, and therefore he may retain possession of the property until he is reimbursed for all his losses by reason of entering into the contract. As stated above, the object of the statute was to afford an adequate and summary remedy for obtaining possession of the premises. If the appellant has been wronged or improperly induced to make a contract, his remedy is by an independent action. *Owens v. Swanton*, 25 Wash. 112, 64 Pac. 921. In the cases cited by the appellant, the question here presented

was neither raised nor considered, and it cannot be supposed that we intend to reverse or modify the rule above stated, or to hold that defenses such as these may be interposed in this kind of an action.

Appellant argues that because of the allegations of the second and third affirmative defenses, the controversy as to the right of possession has ceased and the action has become one of debt merely, and all defenses therefore may be interposed. The allegations therein to the effect that the defendant, after the action was begun, peacefully surrendered possession of the premises to the Thompson Furniture Company, and now disclaims any right to possession, do not change the character of the action which was fixed by the refusal to deliver possession prior to the time the action was begun. If appellant had delivered possession upon demand, or in response to the written notice to pay rent or quit, served upon him before the action was begun, the action would then no doubt have been one of debt for rent. But when he refused to deliver possession, and thereby forced the action of unlawful detainer, the character of the action thereby became fixed for all purposes of the case. The return of the writ of restitution shows that it was executed by the sheriff and the respondent placed in possession by virtue of such writ. The fact that respondent thereafter leased or surrendered possession to another could make no possible difference in the case.

There is no error in the record, and the judgment must therefore be affirmed.

RUDKIN, C. J., CROW, DUNBAR, and PARKER, JJ., concur.