[No. 11464. Department Two. January 2, 1914.]

Columbus Varnish Company, *Appellant*, v. Seattle Paint Company, *Respondent*.[1]

Appeal—Review—Findings. Findings upon conflicting oral evidence will not be disturbed on appeal where the supreme court is not able to say that the weight of the evidence demands different findings.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 18, 1913, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Douglas, Lane & Douglas*, for appellant.

*John W. Roberts* and *George L. Spirk*, for respondent.

Morris, J.—Appellant brought this action, seeking to recover upon account of goods sold and delivered. Respondent filed a complicated answer, in which reference seems to be made to several defenses not altogether consistent; but, in the main, the answer is a plea that no liability should be enforced against defendant because of the failure of appellant to comply with the contract of sale in several particulars. This answer was not moved against in any way, appellant filing a reply to it, and the case proceeded to trial without a jury. The difficulty of making a clear statement of what the real issue was between the parties is best illustrated

[1]Reported in 137 Pac. 434.

by the fact that the first ten pages of the record are taken up with a discussion between the trial judge and respective counsel in the endeavor to understand clearly just what issues were to be submitted to the court for determination. The issues seem to have finally narrowed down to one— whether or not respondent had complied with the agreements and the representations entering into and forming the basis of the dealing between the parties. At the conclusion of the evidence, the trial judge announced that he was satisfied that respondent had, by a great preponderance of the evidence, sustained its defense that appellant had not complied with its contract, that the goods were not as represented, and that appellant should accept a return of all goods then unsold. Judgment, however, was given appellant for a small sum, representing the result reached after the allowance of proper credits for the value of the goods sold, the value of the goods returned, and an item of freight paid by respondent.

We find no question of law involved in this case that requires any special reference or statement. The first thing is to determine what the contract was, and then whether or not it had been complied with. Like most cases where oral contracts are sought to be enforced, there is quite a conflict as to what agreements were made touching the sale of the goods, and the conflict is as broad upon the question of the quality of the goods. The record, however, is ample to sustain the findings of the lower court in these particulars, and not being able to say, after a full reading of the record, that the weight of the evidence demands different findings, we will not disturb those made by the lower court, and the judgment is affirmed.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.