# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AMIE MCKEAN, | No. 55455-1-II |
| Respondent, | |
| v. | |
| JOSH THOMAS, and any other residents of the premises, | UNPUBLISHED OPINION |
| Appellant. | |

ASHCRAFT, J.P.T.[1] – In this unlawful detainer action, the tenant, Josh Thomas, appeals the trial court's judgment in favor of his former landlord, Amie McKean, and the resulting writ of restitution.[2] Thomas challenges the trial court's conclusion that he was in unlawful detainer of the rental property, arguing that the trial court erred in concluding that the unacknowledged two-year lease violated RCW 59.18.210 and was therefore unenforceable under the statute of frauds. He also argues that the trial court erred when it failed to set an expedited trial to resolve issues of

---

[1] Judge Ashcraft is serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

[2] We note that although Thomas has already vacated the premises and is not asserting that he had a right to possession of the property after the lease expired on September 1, 2021, this appeal is not moot because we can still offer relief in the form of reversing the attorney fees and costs the trial court awarded to McKean and allowing the trial court to consider whether to award attorney fees and costs to Thomas on remand. *Tedford v. Guy*, 13 Wn. App. 2d 1, 10 n.2, 462 P.3d 869 (2020) (appeal from unlawful detainer action is not moot when the tenant is no longer in possession of the property if the tenant continues to assert a right to possession or "has a monetary stake in the outcome of the proceedings.").

material fact and that the court failed to consider his responsive brief. Finally, he argues that the trial court erred when it issued the writ of restitution because McKean's unlawful detainer action failed to comply with the affidavit requirement in Proclamation 20-19.4.[3]

We affirm the trial court's unlawful detainer determination, but we reverse the writ of restitution and the judgment in favor of McKean for attorney fees and costs. We remand to the trial court for further action consistent with this opinion. And we deny both parties' requests for reasonable attorney fees and costs on appeal.

FACTS

I. SEPTEMBER 1, 2019 LEASE; TERMINATION OF RENT PAYMENTS

In December 2016, McKean began renting her property to Thomas. Thomas and McKean signed a lease renewal for a two-year term, running from September 1, 2019 to September 1, 2021.

The September 1, 2019 lease stated that the monthly rent was $3,500. According to Thomas, this was a significant increase in rent over the previous monthly rent of $2,800. Although the September 1, 2019 lease was for more than a year, it was not "acknowledg[ed], witness[ed,] or seal[ed]" as required under RCW 59.18.210.

Thomas ceased paying rent in December 2019. On January 8, 2020, Thomas filed a lawsuit against McKean for "breach of landlord duties and violations of [his] right to privacy." Clerk's Papers (CP) at 78.

---

[3] Proclamation of Governor Jay Inslee, No. 20-19.4 (Wash. Oct. 14, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.4.pdf [https://perma.cc/L2AS-CX23].

## II. McKean's Unlawful Detainer Actions and Eviction Moratorium

In February 2020, McKean filed an unlawful detainer action against Thomas based on his non-payment of rent. But on March 18, due to the COVID-19 pandemic, Governor Jay Inslee issued Proclamation 20-19,[4] which prohibited evictions for non-payment of rent. Proclamation 20-19 was effective until April 17. The Governor subsequently extended the eviction moratorium several times. *See* Proclamations 20-19.1,[5] 20-19.2,[6] 20-19.3,[7] 20-19.4. As a result of the eviction moratorium, McKean voluntarily dismissed her original unlawful detainer action.

In addition to extending the eviction moratorium until October 15, Proclamation 20-19.3, issued on July 24, also created an exception to the eviction moratorium if the landlord provided "at least 60 days' written notice of intent to . . . personally occupy the premises as a primary residence." Proclamation 20-19.3 at 4.

On August 28, soon after voluntarily dismissing her original unlawful detainer action, McKean's attorney signed a 60-day notice to terminate tenancy, stating that McKean "intend[ed]

---

[4] Proclamation of Governor Jay Inslee, No. 20-19 (Wash. Mar. 18, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19%20-%20COVID-19%20Moratorium%20on%20Evictions%20%28tmp%29.pdf [https://perma.cc/BBN9-QEM8].

[5] Proclamation of Governor Jay Inslee, No. 20-19.1 (Wash. Apr. 16, 2020), https://www.governor.wa.gov/sites/default/files/20-19.1%20-%20COVID-19%20Moratorium%20on%20Evictions%20Extension%20%28tmp%29.pdf [https://perma.cc/G9YP-7HYP].

[6] Proclamation of Governor Jay Inslee, No. 20-19.2, https://www.governor.wa.gov/sites/default/files/20-19.2%20Coronavirus%20Evictions%20%28tmp%29.pdf [https://perma.cc/8VTV-9HK9].

[7] Proclamation of Governor Jay Inslee, No. 20-19.3 (Wash. July 24, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19.3%20Coronavirus%20Evictions%20%28tmp%29.pdf [https://perma.cc/7GB3-MJKT].

to personally occupy the premises . . . as her primary residence." CP at 13. The notice stated that Thomas's tenancy would be terminated on October 31, 2020, and that he was required to surrender possession of the premises on that day or McKean would start judicial eviction proceedings and seek attorney fees and litigation costs. Thomas was served with the notice on August 29. The August 28, 2020 notice did not include an affidavit from McKean regarding her intent to occupy the property.

On October 14, after McKean served the August 28, 2020 notice to of intent to occupy the premises, but before she sought to enforce it, the Governor issued Proclamation 20-19.4. In addition to extending the eviction moratorium until December 31, Proclamation 20.19-4 required, for the first time, that any 60-day notice of intent to occupy the premises as a primary residence "shall be in the form of an affidavit signed under penalty of perjury." Proclamation 20-19.4 at 5.

On November 3, McKean filed a second complaint for unlawful detainer and a motion for order to show cause seeking a writ of restitution. McKean argued that because the two-year lease was not "acknowledged," it did not comply with the statute of frauds, which converted the lease into a month-to-month tenancy, and that she now wished to occupy the property as her primary residence. CP at 5.

Also on November 3, McKean filed a notarized affidavit "pursuant to Proclamation by the Governor 20-19.4," in which she stated under penalty of perjury that she intended to occupy the property as her primary residence once Thomas vacated the property. *Id.* at 16 (capitalization omitted). McKean's complaint and motion for order to show cause with the attached affidavit were served on Thomas on November 6.

Two weeks later, Thomas filed an amended complaint for damages against McKean in his separate action. In his amended complaint, Thomas asserted claims for breach of landlord duties under RCW 59.18.060, violation of his right to privacy under RCW 59.18.150(8), and defamation.

On December 3, the day before the show cause hearing, Thomas filed an answer opposing McKean's complaint for unlawful detainer and request for a writ of restitution. In his answer, Thomas asserted, *inter alia*, that (1) McKean could not rely on the statute of frauds to invalidate the two-year lease term because she did not dispute that she had agreed to and signed the lease agreement, (2) the unlawful detainer action was just a continuation of McKean's original unlawful detainer action for non-payment of rent and that this new action was therefore in violation of the eviction moratorium, (3) McKean filed the unlawful detainer action in retaliation for the action he had filed against McKean, and (4) McKean had not satisfied the requirements of Proclamation 20-19.4 because her affidavit "provide[d] no proof of [her] assertions therein." *Id.* at 43.

### III. SHOW CAUSE HEARING AND TRIAL COURT DECISION

At the start of the December 4, 2020 show cause hearing, the trial court commented that Thomas's December 3 filing was untimely. But the court stated that it had still reviewed the filing.

After hearing counsels' arguments, the trial court concluded that the statute of frauds applied, that Thomas's tenancy was month-to-month, and that the motion for a writ of restitution should be granted. In response to the trial court's oral ruling, Thomas argued that "the judgment [was] not appropriate at [that] time" and that issuing the writ of restitution was premature because the court needed to set the matter for trial on "the other affirmative defenses," namely his claim that this was a retaliatory eviction. Verbatim Report of Proceedings (VRP) at 20. The court disagreed, stating that there were no remaining issues to adjudicate.

In its written findings of fact and conclusions of law, the court again concluded that the statute of frauds applied and that Thomas's tenancy was month-to-month. The court also found that Thomas had received at least 60 days written notice of McKean's intent to personally occupy the premises as her primary residence and concluded that "[a]ll notices and procedures required by statute, Proclamation 20-19.3 and 20-19.4, and case law have been given and complied with in this case." CP at 85.

The court further concluded that Thomas was in unlawful detainer of the property and issued a writ of restitution. The trial court awarded McKean costs and reasonable attorney fees totaling $1,437. But the trial court made "no finding as to any issues of past due rent due to Gubernatorial Proclamation 20-19.4's prohibition," and stated that "any such claims may be adjudicated at a later date when the Gubernatorial Proclamations expire." *Id.* at 141.

Thomas moved for reconsideration, arguing that he "was prevented from having a fair hearing" because the trial court failed to review the materials that he had submitted the day before the show cause hearing. *Id.* at 103. The trial court denied the motion for reconsideration, stating that although Thomas's filings were late, the court had considered the materials before making its decision.

Thomas filed this appeal on December 11, but he did not move to stay the writ of restitution. According to Thomas, he vacated the property on December 14 "in compliance with the eviction notice." Br. of Appellant at 10.

ANALYSIS

I. UNLAWFUL DETAINER: APPLICATION OF THE STATUTE OF FRAUDS

Thomas challenges the trial court's conclusion that he was in unlawful detainer of the property. He asserts that the trial court erred when it concluded that the statute of frauds, RCW 59.18.210, applied and established a month-to-month tenancy. We disagree.

RCW 59.18.210 provides:

> Tenancies from year to year are hereby abolished except when the same are created by express written contract. Leases may be in writing or print, or partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses or seals.

Unacknowledged leases that exceed one year are effective only as oral leases and result in month-to-month tenancies. *Stevenson v. Parker*, 25 Wn. App. 639. 643, 608 P.2d 1263 (1980).

Thomas argues that McKean was "estopped from asserting that the two-year lease [was] unenforceable under the statute of frauds because she does not dispute that the parties signed a two year lease."[8] Br. of Appellant at 14 (emphasis omitted). He asserts that because McKean acknowledged the lease and its terms, she cannot use the statute of frauds to " 'take advantage of [her] own wrong.' " *Id.* at 15 (quoting *Miller v. McCamish*, 78 Wn.2d 821, 826, 479 P.2d 919 (1971)). We disagree.

As noted above, unacknowledged leases for terms that exceed one year are effective "only as an oral lease, and results in a tenancy from month to month." *Stevenson*, 25 Wn. App. at 643. This rule, however, is not absolute and can be modified when "there are equities sustaining the lease or estopping denial of its validity." *Id.*

---

[8] We review this legal question de novo. *Josephinium Assocs. v. Kahli*, 111 Wn. App. 617, 621, 45 P.3d 627 (2002).

" '[T]he purpose of the statute of frauds is to prevent a fraud, not to perpetuate one, and in this regard the courts of this state are empowered to disregard the statute when necessary to prevent a gross fraud from being practiced.' " *Id.* (quoting *Powers v. Hastings*, 20 Wn. App. 837, 842, 582 P.2d 897 (1978)). In this instance, there was an express written lease signed by each party and the parties do not dispute its basic terms. But this lease is unacknowledged. In this circumstance, the equitable doctrine of part performance can mitigate "the harsh results of a too-strict application of the statute of frauds." *Id.*

The equitable doctrine of part performance "prevents a party from asserting the invalidity of a contract where the other party has acted in conformity with the contract and thus placed himself in a position where it would be intolerable in equity to deny its enforcement." *Id.* at 643-44 (citing *Miller*, 78 Wn.2d at 827). To apply the doctrine of part performance, we look to three factors, " '(1) delivery and assumption of actual and exclusive possession of the land, (2) payment or tender of the consideration, whether in money or property or services, and (3) the making of permanent, substantial and valuable improvements, referable to the contract.' " *Id.* at 644 (quoting *Powers*, 20 Wn. App. at 847).

Here, the parties do not dispute the facts, and the only factor weighing in favor of sustaining the lease is that Thomas took possession of the property. Apart from paying three months of increased rent, Thomas failed to pay rent starting in December 2019 and, thus, he failed to comply with the terms of the lease. And there is no evidence that Thomas made substantial and valuable improvements to the property. Ultimately, Thomas fails to show that the statute of frauds should

not apply here. Although both parties agree that there was a written lease for a term of two years, there are no facts that suggest that it would be intolerable to deny the enforcement of the lease.[9]

Thomas further asserts that applying the statute of frauds to situations where there is a written lease and the parties do not dispute the terms of the lease would encourage fraud or other abuses of the statute of frauds. For instance, he suggests that it could allow landlords to knowingly sign 13-month unacknowledged leases for the express purpose of being able to convert the leases to month-to-month tenancies that could be more easily terminated "if they decid[ed] they do not like the tenant." Br. of Appellant at 20. But the equitable doctrine of past performance would still provide protection for such tenants because the court would be allowed to examine the circumstances of the situation to determine if there were reasons that would justify enforcing the lease despite the statute of frauds. Furthermore, if Thomas's assertion that the fact there was an undisputed written lease meant that the statute of frauds did not apply, then RCW 59.18.210's acknowledgement requirement would be rendered superfluous.

Thomas also contends that it would be inequitable to enforce the statute of frauds in this instance because McKean was using it to circumvent the moratorium on evictions for non-payment

---

[9] Though we conclude that the equitable doctrine of part performance is not applicable under the facts of this case, it is questionable whether this defense is even available to Thomas. Generally, when a defendant has stopped paying rent and is therefore in breach of the lease, equitable defenses are not available. *Hutchinson v. Wilson*, 54 Wash. 410, 412, 103 P. 474 (1909); *see also*, *Manufacturers' Fin. Co. v. McKey*, 294 U.S. 442, 449, 55 S. Ct. 444, 79 L. Ed. 982 (1935) (holding in the context of a breach of contract case that one must " 'do equity in order to get equity.' ") (quoting *Fosdick v. Schall*, 99 U.S. 235, 253, 25 L. Ed. 339 (1878)). We held in *Dzaman* that the Governor's proclamation at issue (20-19.4) precludes the enforcement of eviction orders, but does not preclude the finding of an unlawful detainer. *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 480-82, 491 P.3d 1012 (2021). Thus, while 20-19.4 provides a defense against enforcement of an eviction order, it does not provide a defense to a breach of the lease when considering whether equitable defenses are available.

of rent. He asserts that the fact that McKean first sought to evict him based on non-payment of rent rather than to terminate a month-to-month tenancy and the fact she sought to invalidate the lease under the statute of frauds only after the eviction moratorium took effect shows her ill-intent. But it is pure conjecture that McKean chose to invalidate the two-year lease under the statute of frauds merely to be able to evict Thomas for failing to pay rent. Regardless of whether the lease was month-to-month or for two-years, McKean had a right to initially seek to evict Thomas for non-payment of rent. And she could have chosen to pursue a writ of restitution that did not challenge the terms of the lease for many reasons, such as wanting to avoid the extra expense of also needing prove that the lease did not comply with RCW 59.18.210. Additionally, there's nothing to suggest that at the time she filed the first unlawful detainer action, her circumstances placed her in a position where she wanted or needed to occupy the property as her primary residence.

Thomas fails to show that the trial court erred when it concluded that the statute of frauds, RCW 59.18.210, applied and established a month-to-month tenancy.

## II. FAILURE TO SET FOR EXPEDITED TRIAL TO RESOLVE ISSUES OF MATERIAL FACT AND TO CONSIDER RESPONSIVE FILING

Thomas next argues that the trial court erred because it did not set the case for an expedited trial to determine the issue of possession and to evaluate Thomas's "affirmative defenses." Br. of

No. 55455-1-II

Appellant at 24. Thomas asserts that under RCW 59.18.380[10] the trial court was required to set a hearing because he raised issues of material fact.

Thomas contends that he raised an issue of material fact as to whether McKean was bringing this action in an attempt to circumvent the Governor's eviction moratorium. He argues that the trial court should have further considered McKean's sudden claim that the statute of frauds applied because she had not previously disputed the terms of the lease when she sought his eviction for non-payment of rent, and she suddenly dismissed that action when she could seek to evict him

---

[10] RCW 59.18.380 provides:

> At the time and place fixed for the hearing of plaintiff's motion for a writ of restitution, the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy. . . . The court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution, returnable ten days after its date, restoring to the plaintiff possession of the property and if it shall appear to the court that there is no substantial issue of material fact of the right of the plaintiff to be granted other relief as prayed for in the complaint and provided for in this chapter, the court may enter an order and judgment granting so much of such relief as may be sustained by the proof, and the court may grant such other relief as may be prayed for in the plaintiff's complaint and provided for in this chapter, then the court shall enter an order denying any relief sought by the plaintiff for which the court has determined that the plaintiff has no right as a matter of law[.]
> . . . .
> If it appears to the court that the plaintiff should not be restored to possession of the property, the court shall deny plaintiff's motion for a writ of restitution and enter an order directing the parties to proceed to trial within thirty days on the complaint and answer. If it appears to the court that there is a substantial issue of material fact as to whether or not the plaintiff is entitled to other relief as is prayed for in plaintiff's complaint and provided for in this chapter, or that there is a genuine issue of a material fact pertaining to a legal or equitable defense or set-off raised in the defendant's answer, the court shall grant or deny so much of plaintiff's other relief sought and so much of defendant's defenses or set-off claimed, as may be proper.

11

on another basis. He also asserts that the trial court should have "question[ed] Ms. McKean on her intent or motivations" and whether her assertion that she was seeking to occupy the rental property for financial reasons was legitimate.[11] Br. of Appellant at 22.

But Thomas cites no authority establishing that once a landlord has sought to evict a tenant for non-payment of rent under the terms of a lease that the landlord cannot choose to later assert that the lease did not comply with RCW 59.18.210. Nor does he cite any authority requiring the landlord to explain why they are seeking to move into the property or to prove that they are being forced to do so for financial reasons. Accordingly, Thomas has failed to demonstrate that these facts would be material to the trial court's decision and this argument is not persuasive. *See Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 781, 425 P.3d 560 (2018) (" 'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.' ") (quoting *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

Thomas further contends that it was apparent that the trial court had not reviewed his December 3 answer responding to McKean's complaint and motion for writ of restitution. But, the trial court expressly stated that it had reviewed Thomas's filings.

Thomas does not show that the trial court failed to comply with RCW 59.18.380 when it did not set an expedited trial to resolve material facts or that the trial court failed to consider his responsive brief.

---

[11] Thomas does not assert that there were questions of fact as to whether McKean actually intended to occupy the property as her primary residence; he questions only her motivations and justifications for doing so.

### III. WRIT OF RESTITUTION: FAILURE TO COMPLY WITH PROCLAMATION 20-19.4'S AFFIDAVIT REQUIREMENT

Thomas also contends that McKean's unlawful detainer action failed to comply with the affidavit requirement in Proclamation 20-19.4. In light of recent case law, we agree that McKean failed to comply with Proclamation 20-19.4's affidavit requirement.

Regardless of whether the lease was enforceable under the statute of frauds, the trial court erred when it granted the writ of restitution because, under our recent decision in *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 491 P.3d 1012 (2021), McKean's 60-day notice did not comply with the affidavit requirement of Proclamation 20-9.4.

In *Dzaman*, we held that Proclamation 20-19.4's requirement that the landlord's 60-day notice of intent to sell or occupy the property be "in the form of a sworn affidavit" applied to any attempt to *enforce* a judicial eviction order after its effective date of October 14, 2020. 18 Wn. App. 2d at 482. Thus, the trial court was prohibited from issuing a writ of restitution when the landlord's 60-day notice of intent to sell the property was not "in the form of a sworn affidavit," even though the landlord's notice fully complied with the proclamation in effect at the time the notice was issued. *Id.* at 482-83.

As in *Dzaman*, McKean's August 2020 60-day notice of intent to occupy the property did not comply with Proclamation 20-19.4 because was not in the form of sworn affidavit. Because Proclamation 20-19.4 applies to an attempt to enforce a judicial eviction order issued after the

effective date of the proclamation, October 14, 2020, the trial court erred in issuing the December 4, 2020 writ of restitution.[12] *Id.*

We recognize that McKean filed a sworn affidavit as an attachment to her November 3, 2020 complaint for unlawful detainer. But the filing of this affidavit did not provide Thomas with the full 60-days' notice prior to the trial court's December 4, 2021 decision.

As was the case in *Dzaman*, "[w]e conclude that Proclamation 20-19.4 prohibited [McKean] from obtaining [the] writ of restitution because that action constituted the enforcement of a judicial eviction order and [McKean] did not send a 60-day notice in the form of a sworn affidavit." *Id.* Accordingly, the trial court erred when it issued the writ of restitution.

## IV. RELIEF

Thomas asks that this court "overturn the trial court's ruling that Ms. McKean had the right to possession of the Rental Property and instead determine that Ms. McKean had no right to possession." Br. of Appellant at 27. Alternatively, he asks us to set aside the trial court's ruling on the writ of restitution and remand "for an expedited trial on the issues of right to possession and all affirmative defenses raised by Mr. Thomas in his Answer." *Id.* Thomas does not, however, assert that he has a right to possession of the property after the end of the two-year lease term on September 1, 2021.

Because Thomas is no longer in possession of the property and he is not asserting that he had a right to possession of the property after September 1, 2021, the relief he requests is not

---

[12] We note that we did not hold in *Dzaman* that Proclamation 20-19.4 affected the trial court's finding that the tenant was guilty of unlawful detainer and judgment. 18 Wn. App. at 482. We stated that, "Proclamation 20-19.4 simply prevents [the landlord] from *enforcing* that judgment by obtaining a writ of restitution for a certain period of time." *Id.*

available. But we can remand to the trial court to vacate the attorney fees and the costs awarded to McKean that related to the writ of restitution and to exercise its discretion as to whether Thomas should be awarded costs and reasonable attorney fees under RCW 59.18.290(1) for that portion of the action.

## V. REASONABLE ATTORNEY FEES AND COSTS ON APPEAL

In separate sections of their briefs, both parties request reasonable attorney fees and costs on appeal. McKean requests reasonable attorney fees and expenses under RCW 59.18.290(3) and under the rental agreement, as the prevailing party. Thomas requests reasonable attorney fees and expenses under RAP 18.1 and RCW 59.18.290. Because both parties have prevailed on major issues, we deny both parties' requests for reasonable attorney fees and costs on appeal. *See Am. Nursery Prods., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 234-35, 797 P.2d 477 (1990) (when both parties prevail on major issues, "neither qualifies as the prevailing party).

## CONCLUSION

We affirm the trial court's unlawful detainer determination, but we reverse the writ of restitution and the judgment in favor of McKean for attorney fees and costs. We remand to the trial court for further action consistent with this opinion. And we deny both parties' requests for reasonable attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

ASHCRAFT, J.P.T.

We concur:

LEE, C.J.

VELJACIC, J.